MUSKOGEE IRON WORKS, Inc., v. BAY-TEX OIL CORPORATION.

No. 11272.

Court of Civil Appeals of Texas.
San Antonio.

April 14, 1943.

Rehearing Denied May 19, 1943.

Keys, Holt & Head and John R. Bryant, all of Corpus Christi (Jesse F. Holt, of Sherman, of counsel), for appellant.

James Young, Jr., and Dean B. Kirkham, both of Corpus Christi, and R. G. Harris, of San Antonio, for appellee.

SMITH, Chief Justice.

Muskogee Iron Works, Inc., was plaintiff below and Bay-Tex Oil Corporation was defendant. They will be so designated in this appeal.

Plaintiff is engaged in the sale of oil well machinery from its place of business in Muskogee, Oklahoma, and defendant was operating oil wells in the Aransas Oil Field, in San Patricio County, Texas. Defendant's wells were around 7,100 feet deep and it became necessary to pump the oil out of them as the means of production.

On November 1, 1940, defendant verbally ordered two completely equipped pumping units from plaintiff. One of the units was delivered to defendant on the field early in November, and was installed and put in operation on November 20th. It performed efficiently and to defendant's satisfaction for a few days, when it "went dead," not from any defect or condition in the pumping unit, but from a break in defendant's tubing in the well. When the pumping operation "went dead" the unit and tubing were removed from the well, new or repaired tubing was put in, the pumping unit again installed, and satisfactorily performed for a few days, when the operation again failed because of a new break in the tubing. This process of trial and error continued for some thirty days, when defendant abandoned its efforts and tendered the two pumping units (the second having been delivered by that time) back to plaintiff, who declined to accept them, and this suit followed.

In the meantime, on December 6, 1940, defendant had executed a written sales contract covering the two units, together with its twenty-four installment notes for $300 each, for the stipulated sales price.

Plaintiff sued to recover the amount of the notes, and for foreclosure of the sales contract lien upon the units. A jury trial

resulted in judgment denying plaintiff any recovery and it has appealed.

Defendant contested the suit and prayed for cancellation of the sales contract and notes on the grounds of failure of consideration and that it was deceived into executing the instruments by plaintiff's false representations to the effect, as specifically alleged by defendant, that the pumping units "could be used for the purpose of pumping wells belonging to the defendant in the Aransas Field in San Patricio Co., Texas. That the plaintiff represented to Sam Wilson (defendant's executive officer) that such equipment could be satisfactorily used in pumping such wells when it knew or should have known that such pumping equipment could not be satisfactorily used on said wells and would not serve the purpose."

The well in which the pumping unit here involved was tested was 7,100 feet deep, and that seems to have been approximately the usual depth of wells in the Aransas field, which was an unusual depth of oil wells generally. Prior to this test pumping had not been resorted to by producers in that field. It was defendant's first experience in pumping there, and although it knew of the unusual depth peculiar to the field, of course, and that it might require a particular quality of pump, its chief executive officer, Wilson, who dealt with plaintiff in this transaction, knew nothing of the processes of pumping in that field. He had to rely upon others for such information. He had had numerous and satisfactory dealings with plaintiff and its representative, Farrier, and had confidence in them. When Wilson was confronted with the necessity of resorting to pumping to get oil from his company's wells, and while considering the question of procedure, he encountered plaintiff's agent, Farrier, and told him of his problem, and that he was considering buying pumping outfits from another concern, Oil Well Supply Company. Thereupon Farrier stated that he would sell defendant some pumping units; that he had two 52-horsepower units on hand, and in effect represented to Wilson then, as well as later on when the contract was signed, that those units would satisfactorily pump oil from defendant's wells. In reliance upon these representa-tions, Wilson ordered the two units from plaintiff and afterwards executed the sales contract.

The jury found upon this controlling issue "that at, or before, the time of the execution of said notes and sales agreement the Muskogee Iron Works, Inc., represented to the defendant that the units described in the sales contract could be used in connection with other equipment to successfully pump said Aransas Field wells." The jury further found that the representation was false, was made for the purpose of inducing defendant to execute the sales contract and notes and that defendant relied thereon.

The representations actually made by plaintiff to defendant were that the pumping unit would "do the job," would "lift" or "take" the oil from the 7,100 foot depth; that the pump would "absolutely work," would "actually handle the production over there;" that "the prime mover would take out the oil," would "pick up the oil;" that the unit would do all those things "satisfactorily," and "unquestionably." It appears conclusively, however, that upon every test the unit did perform all the services claimed for it, until its performance was interrupted at each trial by a break in defendant's tubing, and there is no contention that any quality or condition in the unit caused the break in the tubing. In short, it conclusively appears that the unit performed in strict conformity to plaintiff's representations, and therefore that those representations were not false, but true.

We hold that on the case thus made it was the duty of the trial judge to grant plaintiff's motion for directed verdict, and that being the case it is the duty of this Court to here render judgment accordingly. It is so ordered.

The judgment is reversed and judgment will be here rendered that plaintiff recover of defendant the amount of the notes sued on with interest thereon at the rate of 6% per annum and 10% attorney's fees, all as provided in said notes; and for foreclosure of the contract lien upon the two pumping units involved, and for all costs of the litigation.

Reversed and Rendered.